ANTOINE PICQUET, plaintiff in error, vs. ELIZABETH GIBBS, defendant in error.

Where there is evidence in the record to support the verdict, and the Judge below has refused a new trial, this Court will not control the discretion of the Court below, there being no rule of law violated on the trial, or in the verdict.

New trial. Before Judge GIBSON. Richmond Superior Court. June Term, 1869.

Picquet brought ejectment against Mrs. Gibbs for certain land in said county. She pleaded the general issue and Statute of Limitations. Evidence was introduced *pro* and *con*, the Court charged the jury, and they found for the defendant. Picquet's counsel moved for a new trial, upon the grounds that the verdict was strongly and decidedly against the weight of the evidence, contrary to law and the charge of the Court. The trial was before Judge Andrews. The motion for a new trial was argued before Judge Gibson. He refused a new trial, and that is assigned as error.

JOSEPH P. CARR, JOHN T. SHUMATE, for plaintiff in error.

McLAWS & GANAHL, for defendant in error.

McCAY, J.

There is but one question in this case: Did the Judge of the Middle Circuit abuse his discretion in refusing to grant a new trial, on the ground that the jury found contrary to the evidence? This Court has jurisdiction only of questions of *law*. The verdict of a jury is not the subject of review before us, unless in some way it involves a question of law.

When a motion is made before a Judge of the Superior Court for a new trial, on the ground that the jury has found contrary to evidence, the Code declares, section 3666, that it shall lie in the sound discretion of the Judge to do so if the verdict be strongly and decidedly against the weight of evidence, notwithstanding there may be slight evidence to sup-

port it. Clearly something is intended here to be left to the discretion of the Judge. It is a settled rule that a reviewing Court can not and will not interfere with the judgment of the Court below, when that Court is by law clothed with discretion, unless that discretion has been abused. It is only then that the law has been violated, and this Court has only jurisdiction of questions of law.

We do not think Judge Gibson has in this case abused his discretion. There is *some evidence* to support the verdict. There was a *great deal* of evidence that Gibbs had been overseeing for Picquet ten years. There is *some* that $100 00 had been paid for the land in 1846. It was also in proof that the land was to be paid for in work, and there is *some* evidence that Gibbs' "services" remained an unsettled thing *after* what is claimed by the plaintiff to have been a general settlement. Mrs. Gibbs testifies this positively. Davis testifies the same thing in substance. And neither of the other two witnesses who made the settlement, nor Picquet, all of whom were present at the trial, contradict this, as they might and ought to have done, if they could.

The settlement, as it appears to us, is very inconclusive. Gibbs was sick in bed, two persons came to his bedside, and there was an adjustment of various matters running through ten years, and it is remarkable that in the whole of the items there is no mention of work, except for 1852 and 1855. The jury doubtless thought, from all this testimony, that this settlement was only of little items of cash, and certain *specific* work in certain years, and that the "services" were not mentioned because they were well known, or to be settled hereafter, as Mrs. Gibbs says, or by arbitration, as Davis says.

It is a very strange thing to us, that under the proof made by all the witnesses as to the fact of Gibbs' almost constant employment by Picquet, he seems to have only gotten credit in the assumed settlement for about $180 00, for ten year's work. We are not sure we would not have found just as the jury did under the evidence.

Judgment affirmed.